**PUBLISHED**

Filed: July 21, 2004

# UNITED STATES COURT OF APPEALS

## FOR THE FOURTH CIRCUIT

COLUMBIA CASUALTY COMPANY,
*Plaintiff-Appellant,*

v.

WESTFIELD INSURANCE COMPANY,
*Defendant-Appellee.*

No. 03-1811

---

### ORDER OF CERTIFICATION
### TO THE SUPREME COURT OF APPEALS
### OF WEST VIRGINIA

Columbia Casualty Company brought this action against Westfield Insurance Company seeking a declaration that Westfield is partly liable for the settlement, costs, and fees Columbia incurred in defending and settling lawsuits brought by the estates of two inmates who committed suicide in the Randolph County, West Virginia jail. The district court filed its opinion in writing,[1] and entered its judgment for the defendant, Westfield, from which judgment Columbia has appealed. Because the resolution of the issue presented on appeal requires resolution of a question of West Virginia law that may be determinative in the pending case, and because we are unaware of any controlling West Virginia appellate decision, constitutional provision, or statute, we request, pursuant to West Va. Code § 51-1A-3 (2000), that the Supreme Court of Appeals of West Virginia decide the following issue.

---

[1]Page 11 of the opinion is missing in the appendix but is in the record.

## I.

*Question of Law to be Answered*

The following question of West Virginia law may be determinative in the pending case and is presented to the Supreme Court of Appeals of West Virginia:

> Under West Virginia law, were the suicidal deaths of Robinson and Everson, either or both, "occurrences" within the meaning of the Westfield Insurance Company commercial general liability policy at issue in this case?

## II.

*Statement of Facts*

On September 3, 1998, Bobby J. Robinson committed suicide while incarcerated at the Randolph County jail, and on June 11, 1999, Michael A. Everson also committed suicide while incarcerated at the jail. Their respective estates filed appropriate suits in state court, the Circuit Court of Randolph County, against the County Sheriff and the County Commission. The estates asserted claims of common law negligence and also deliberate indifference under 42 U.S.C. § 1983, contending that the Sheriff and the Commission failed to provide the decedents with medical care that could have prevented the suicides and failed to train jail employees on the means and methods of identifying and taking precautionary measures to protect inmates with suicidal tendencies.

Columbia, which insured the Sheriff's Department under a law enforcement liability policy, defended the Sheriff in these suits. The Columbia policy covered the Commission as an additional insured, and Columbia assumed the defense of the Commission under a reservation of rights.

The dispute in this case, however, stems from the commercial general liability policy Westfield issued to the County Commission. The policy promised to pay for "those sums that the insured becomes

legally obligated to pay as damages because of 'bodily injury' or 'property damage' to which this insurance applies." The Westfield policy then provided that the insurance applied only if the injury or damage "is caused by an 'occurrence.'" Finally, the policy defined an "occurrence" as "an accident, including continuous or repeated exposure to substantially the same general harmful conditions." Thus, only damage caused by an "accident," a term the policy does not define, was covered.

In each of the decedents' suits, Westfield denied coverage and did not participate in the defense or the settlement. Columbia settled the Robinson action for $450,000 and the Everson action for $100,000. It incurred additional sums of $35,233.83 and $13,112.06, respectively, in costs and fees. Columbia then brought this declaratory judgment action under 28 U.S.C. § 2201 (2000). It seeks a declaration that the Westfield policy creates a duty to defend the Commission with regard to the decedents' suits and that Columbia is entitled to reimbursement for all costs, expenses, and settlement amounts it incurred on the Commission's behalf.

Both parties moved for summary judgment on the coverage issue. After briefing and oral argument, the district court denied Columbia's motion and granted Westfield's motion. It held that the policy did not provide coverage because the suicides were intentional acts, not accidents, and consequently were not "occurrences" requiring coverage. As a result, Westfield had no obligation to defend the Commission or reimburse Columbia.

## III.

We acknowledge that, pursuant to West Virginia Code § 51-1A-6(a)(3) (2000), the Supreme Court of Appeals may reformulate the question of law presented.

The names and addresses of counsel of record are as follows:

Columbia Casualty Company:

Jeffrey M. Wakefield
Michelle Marinacci

Flaherty, Sensabaugh & Bonasso, P.L.L.C.
200 Capitol Street
Post Office Box 3843
Charleston, West Virginia 25338

Westfield Insurance Company:

Brent K. Kesner
Ellen R. Archibald
Kesner, Kesner & Bramble, PLLC
Post Office Box 2587
Charleston, West Virginia 25329

Let the clerk forward a copy of this order, under the official seal of this court, to the Supreme Court of Appeals of West Virginia and thereafter forward to the Supreme Court of Appeals of West Virginia such additional papers as that court may require, including, but not exclusively, the record in this case, or any portion thereof, or copies of the same.

With the concurrences of Judge Luttig and Judge Traxler.

/s/ H. E. Widener, Jr.
For the Court